UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-81330-RAR

SFR SERVICES, LLC,
a/a/o MICHAEL EDELL AND LOUISE EDELL,

    Plaintiff,

v.

THE HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant's Motion for Summary Judgment [ECF No. 36] ("Motion"), filed on April 19, 2022.[1] Defendant asserts it is entitled to summary judgment on Plaintiff's claims arising from Defendant's denial of a first-party property insurance claim. The Court having considered the Motion, the related briefs, the record, and applicable case law, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 36] is **DENIED** as set forth herein.

---

[1] The Motion is fully briefed and ripe for adjudication. *See* Def.'s Statement of Material Facts in Supp. of Mot. for Summ. J. ("Def. Statement") [ECF No. 37]; Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. ("Response") [ECF No. 57]; Pl.'s Resp. to Def.'s Statement of Material Facts in Supp. of Mot. for Summ. J. ("Pl. Statement") [ECF No. 58]; Def.'s Reply in Resp. to Pl.'s Resp. to Mot. for Summ. J. ("Reply") [ECF No. 74]; Def.'s Reply Statement of Material Facts in Resp. to Pl.'s Additional Facts in Its Resp. Statement of Facts in Opp'n to Mot. for Summ. J. [ECF No. 75].

## BACKGROUND

This case arises from a homeowner insurance policy between Defendant and Michael and Louise Edell ("Insureds").[2] Def. Statement ¶ 1. The policy contains a provision stating that Defendant has "no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to [Defendant]." *Id.* ¶ 11. These duties include a requirement that the Insureds provide Defendant with "prompt notice" in the event of loss or damage to the property. *Id.* Plaintiff alleges that on September 10, 2017, during the term of the policy, the Insureds' roof suffered damage due to Hurricane Irma. *Id.* ¶ 2. Following the hurricane, the Insureds had their roof tiles inspected but detected no damage or leaking. *Id.* ¶ 3. Between September 2017 and March 2020, the Insureds had roof repairs performed on multiple occasions. *Id.* ¶ 4. Plaintiff first notified Defendant as to the damage by filing a claim on August 3, 2020. *Id.* ¶ 7 (misnumbered as ¶ 6). Defendant engaged a field contractor to inspect the Insureds' roof on September 28, 2020. *Id.* ¶ 8. The inspector concluded that there was no damage related to the hurricane, and Defendant denied the Insureds' claim on October 10, 2020. *Id.* ¶¶ 8–9.

## LEGAL STANDARD

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable factfinder to find for the non-moving party. *See id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party bears the burden of proving the

---

[2] Plaintiff is a post-loss assignee after obtaining an assignment of benefits from the Insureds on August 3, 2020. Mot. at 1.

absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If there are any factual issues, summary judgment must be denied, and the case proceeds to trial. *See Whelan v. Royal Caribbean Cruises Ltd.*, No. 12-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013). Furthermore, when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts," summary judgment "may be inappropriate." *Id.* (citation omitted).

Insurance policy interpretation is a question of law for the Court, and absent ambiguity, the Court gives full effect to the terms of the policy through their plain meaning. *Canal Indem. Co. v. Margaretville of NSB, Inc.*, 562 F. App'x 959, 961–62 (11th Cir. 2014).

## **ANALYSIS**

Defendant argues it is entitled to summary judgment because the Insureds failed to provide prompt notice of their claim as a matter of law. Defendant asserts that given the Insureds' failure to provide prompt notice, prejudice to Defendant is presumed, and Plaintiff cannot rebut the presumption of prejudice. Although this argument has broad support in precedent, the Court must disagree with Defendant owing to recent evolution in Florida case law.

Under Florida law, "notice is a condition precedent to coverage, and an insured's failure to provide 'timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy.'" *Aseff v. Catlin Specialty Ins. Co.*, 115 F. Supp. 3d 1364, 1369 (S.D. Fla. 2015) (quoting *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3d DCA 1981)); *see also Lehrfield v. Liberty Mut. Fire Ins. Co.*, 396 F. Supp. 3d 1178, 1182 (S.D. Fla. 2019). The Eleventh Circuit has explained that "the purpose of policy provisions requiring prompt notice 'is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it.'" *PDQ Coolidge*

*Formad, LLC v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 847 (11th Cir. 2014) (quoting *Laster v. U.S. Fid. & Guar. Co.*, 293 So. 2d 83, 86 (Fla. 3d DCA 1974)).

"The question of whether an insured's untimely reporting of loss is sufficient to result in the denial of recovery under the policy implicates a two-step analysis." *Yacht Club on the Intercoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 879 (11th Cir. 2015) (quoting *LoBello v. State Farm Fla. Ins. Co.*, 152 So. 3d 595, 599 (Fla. 2d DCA 2014)). First, the Court must determine "whether the insured provided timely notice." *Id.* Second, "if notice was untimely, prejudice to the insurer is presumed, but that presumption may be rebutted." *Id.* The Court will address each step in turn.

### I. Notice

Although there is "no bright-line rule under Florida law setting forth a particular period of time beyond which notice cannot be considered prompt," Florida courts interpret the term *prompt* to mean "that notice should be given with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case." *Yacht Club*, 599 F. App'x at 879 (cleaned up). In other words, "notice is necessary when there has been an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise." *Id.* Whether "an insured's delayed notice to an insurer did not constitute prompt notice under the policy" is appropriate to resolve on summary judgment "when the factual record d[oes] not support an argument that the delay was reasonable." *PDQ Coolidge Formad, LLC*, 566 F. App'x at 848; *see also Yacht Club*, 599 F. App'x at 879 ("While the question as to what is a reasonable time, depending as it does upon the surrounding circumstances, is ordinarily for decision by the trier of facts, yet when facts are undisputed and different inferences cannot reasonably be drawn therefrom, the question is for the court.").

The parties do not dispute that (1) Hurricane Irma occurred on September 10, 2017; (2) the Insureds were aware of the hurricane and checked for damage immediately thereafter; (3) the Insureds had roof repairs performed on multiple occasions after the hurricane; and (4) the Insureds first notified Defendant nearly three years later.  *See* Def. Statement ¶¶ 2–5; Pl. Statement ¶¶ 2–5. Plaintiff makes much of the fact that the proper standard for measuring prompt notice is not from the date of the alleged damage but rather from when the Insureds reasonably should have known a loss had occurred.  Resp. at 3.  On this point, Plaintiff is correct.  *See Yacht Club*, 599 F. App'x at 879.  But Plaintiff then proceeds to base its argument on an equally faulty interpretation of the standard—namely, that the Insureds had no actual knowledge of the alleged hurricane damage until August 2020, just before Plaintiff filed the claim.  Resp. at 4.  An argument as to actual knowledge does not comport with the "reasonably should have known" standard.  The record reveals that the Insureds were aware of a leak in their roof on at least two occasions after Hurricane Irma, including in March 2020 when they contracted for repairs.  *See* Dep. Tr. of Louise Edell [ECF No. 36-2] at 23, 36.  The record also reveals that the Insureds did not report the damage to Defendant because they believed the cost necessary for the repairs did not meet their deductible.[3] *Id.* at 66.  Having experienced the hurricane and becoming aware of subsequent damage to their roof, the Insureds reasonably should have known well before Plaintiff filed the claim that the hurricane may have caused that damage.

The Court agrees with Defendant that Plaintiff's notice, given at least five months after the Insureds reasonably should have known of the damage and almost three years after the event

---

[3] Plaintiff argues that Mrs. Edell provided no reliable testimony as to why the Insureds did not report the damage they repaired in March 2020.  Pl. Statement ¶ 4.  Specifically, Plaintiff contends that Mrs. Edell was confused about the timeline at issue in the line of questioning and that her response referenced actions taken following Hurricane Wilma in 2005 rather than the March 2020 repairs at issue in this case. *Id.* Although such confusion may be inferred from the portion of the testimony cited by Plaintiff, Dep. Tr. of Louise Edell at 57–58, Mrs. Edell later confirmed that she indeed was talking about the events of March 2020, *id.* at 66.

allegedly causing the loss, was not prompt and therefore was late as a matter of law. *Audalus v. Scottsdale Ins. Co.*, No. 20-62559, slip op. at 7 (S.D. Fla. Sept. 8, 2021) ("[R]eporting [a] loss two years after [a] hurricane does not—as a matter of law—constitute prompt notice [where] Plaintiffs were aware of the hurricane and repaired the property before reporting the loss."); *PDQ Coolidge Formad, LLC*, 566 F. App'x at 849 (six-month delay is not prompt as a matter of law); *Waldrep*, 400 So. 2d at 786 (six weeks); *Deese v. Hartford Acc. & Indem. Co.*, 205 So. 2d 328, 329 (Fla. 1st DCA 1967) (four weeks); *Morton v. Indemnity Ins. Co.*, 137 So. 2d 618, 620 (Fla. 2d DCA 1962) (6.5 months); *see also Yacht Club*, 599 F. App'x at 882 ("Moreover, [insured] undertook certain repairs before filing a claim with [insurer]. [Insurer] was prejudiced by not being able to investigate prior to those repairs and by not participating in the repair of those damages."). The Court also notes that "[p]rompt notice is not excused because an insured might not be aware of the full extent of damage or that damage would exceed the deductible." *Alina Montenegro Happy Dreams Learning Ctr. v. Nautilus Ins. Co.*, No. 20-24323, 2021 WL 4991099, at *4 (S.D. Fla. Oct. 7, 2021).

## II.   Prejudice

Under Florida law, violation of a prompt notice provision ordinarily triggers a legal presumption of prejudice against the insurer and shifts the burden of overcoming this presumption to the insured. *Yacht Club*, 599 F. App'x at 881; *Lehrfield*, 396 F. Supp. 3d at 1183. To carry this burden, an insured must show that the insurer was able to inspect the property in the same condition it was in right after the loss, *see PDQ Coolidge Formad, LLC*, 566 F. App'x at 849–50, by presenting evidence creating a genuine dispute of fact as to "(a) whether better conclusions could have been drawn without the delay in providing notice, (b) whether those conclusions could have been drawn more easily, (c) whether the repairs to the affected areas that took place in the interim would complicate an evaluation of the extent of the damage or the insured's efforts to mitigate its

damages, or (d) whether an investigation conducted immediately following the occurrence would not have disclosed anything materially different from that disclosed by the delayed investigation," *Lehrfield*, 396 F. Supp. 3d at 1184 (quoting *PDQ Coolidge Formad, LLC*, 566 F. App'x at 849–50) (internal quotation marks omitted). In such cases, "[p]rejudice is properly resolved on summary judgment where an insured fails to present evidence sufficient to rebut the presumption." *PDQ Coolidge Formad, LLC*, 566 F. App'x at 849.

Plaintiff primarily argues that Defendant enjoys no presumption of prejudice in this case because the language of Defendant's contract with the Insureds places the burden of showing prejudice on Defendant. Resp. at 2–3. Specifically, Plaintiff points to the provision stating that Defendant has "no duty to provide coverage under this policy if the [Insureds'] failure to comply" with their duties "is prejudicial to [Defendant]" and asserts that the presumption of prejudice does not arise in a case where the parties' contract contains this language. *Id.* at 2. A wide body of district precedent would suggest that this argument misses the mark; indeed, this district has held on numerous occasions that the presumption of prejudice arises under policy provisions identical to those in this case. *See, e.g.*, *Battat v. QBE Specialty Ins. Co.*, No. 21-60326, 2022 WL 1642296, at *1 (S.D. Fla. Jan. 31, 2022) (finding a presumption of prejudice); *Guzman v. Scottsdale Ins. Co.*, No. 20-24217, 2021 WL 5299832, at *1 (S.D. Fla. Nov. 15, 2021) (same); *Ramirez v. Scottsdale Ins. Co.*, No. 20-22324, 2021 WL 5050184, at *1 (S.D. Fla. Oct. 29, 2021) (same); *Guzy v. QBE Specialty Ins. Co.*, No. 18-24691, 2019 WL 4694162, at *3 (S.D. Fla. June 20, 2019) (holding that prejudice may exist "either by operation of the unrebutted presumption or otherwise" and finding a presumption of prejudice).

The Court does not take these holdings lightly—especially since they comport with a plain reading of the Eleventh Circuit's binding authority in *Yacht Club* that "if notice was untimely, prejudice to the insurer is presumed" without qualification. 599 F. App'x at 879. But diversity

jurisdiction binds the Court to follow Florida law. And, in this case, following Florida law means paying close attention to how case law governing the presumption of prejudice in insurance disputes has evolved since *Yacht Club*.

The Florida Fourth District Court of Appeal recently analyzed whether the presumption of prejudice arises under the policy language at issue here. *Godfrey v. People's Trust Ins. Co.*, No. 4D21-901, 2022 WL 1100490 (Fla. 4th DCA Apr. 13, 2022). There, as here, the policy stated that "the insurer had 'no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to [the insurer].'" *Id.* at *1. Among the "following duties" was that the insured file a sworn proof of loss. *Id.* The insurer denied the insured's claim for failure to comply with that duty. *Id.* The court found that, owing to the proviso "if the failure to comply with the following duties is prejudicial to us," the "policy expressly require[d] a showing of prejudice." *Id.* Consequently, the Court held that "[a]n issue of fact remain[ed] as to whether [the insured's] failure to file a sworn proof of loss was 'prejudicial' to [the insurer] within the meaning of the policy." *Id.* In a similar case involving the same language, the court found that "failure to comply with policy conditions requires prejudice to insurer in order for that failure to constitute a material breach and permit an insurer to deny coverage for a claim. Whether insurer is prejudiced is a question of fact." *Arguello v. People's Trust Ins. Co.*, 315 So. 3d 35, 41–42 (Fla. 4th DCA 2021).

Defendant argues that *Godfrey* is not binding because it contemplated a different duty than that considered here—namely, the "sworn proof of loss" duty rather than the "prompt notice" duty. Reply at 1–2. But the Court does not read *Godfrey* and *Arguello* so narrowly. Both duties are listed in the policy among those requiring prejudice—prompt notice at number 1, and sworn proof of loss at number 8. *See* [ECF No. 1-2] at 86. *Arguello* held that it is "failure to comply with policy conditions"—not failure to comply with any specific policy condition among those

Page 8 of 9

enumerated—that "requires prejudice to insurer in order for that failure to constitute a material breach and permit an insurer to deny coverage for a claim." *Arguello*, 315 So. 3d at 41–42.  So both would require Defendant to show prejudice.

Upon careful consideration, the Court must reject the body of precedent within this district that a presumption of prejudice may arise when a policy provision requires that an insured's failure to comply with an enumerated duty be prejudicial to the insurer.  Because there is no presumption of prejudice, a genuine issue of material fact remains as to whether the Insureds' failure to timely notify Defendant was prejudicial, and the Motion must be denied.  To hold otherwise would create a regime under which an insurer may obtain a different result in federal court than that required by the new line of cases in Florida state court.

## **CONCLUSION**

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 36] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of June, 2022.

                                               **RODOLFO A. RUIZ II**
                                               **UNITED STATES DISTRICT JUDGE**